In re Estate of T. S. Horn, Deceased.

(No. 5582.)

HOMESTEAD.— Family takes as deceased left it.

APPEAL from Taylor county. Opinion by DELANEY, J.

STATEMENT.— T. S. Horn died intestate in Taylor county in February, 1883, leaving a wife and six minor children. He had at the time of his death a homestead in the town of Abilene, and a small amount of personal property, which was not as much as would be exempt by law. His debts amounted to about $800. Besides the property mentioned, he owned a house and lot in Abilene, known as the "Concho House," which had been rented as a boarding-house, and was never used as a part of the homestead or as a place of business by the head of a family. At the fall term of the county court appellant, W. H. Johnson, was appointed administrator and also guardian of the minor children, and qualified in both capacities. January 5, 1884, the adminis-

trator filed his application to sell the "Concho House" and lot for the purpose of paying the debts of the estate, and for the additional reason that the building was frame, surrounded by wooden buildings, and the danger of fire was so great that no insurance could be had, and it was for the interest of the estate that it be sold.

At the February term, 1884, the application, accompanied by an exhibit of the condition of the estate, was heard and the order of sale granted. At the same term the homestead was set aside to the family.

On July 19, 1884, a succeeding county judge, after citing the administrator to appear, made an order revoking the order of sale made at the February term, and setting aside the "Concho House" and lot as a part of the homestead, upon the ground that the homestead previously set apart for the family was not of the value of $500. On appeal to the district court, the judgment of the county court was affirmed.

OPINION.— Held, the question as to how far a county judge may, of his own motion, alter or set aside the orders and decrees of his predecessor, made upon the application of an administrator, is not decided.

The county judge, however, erred in making the order complained of.

As a general rule, the family takes the homestead as the deceased left it, and as the record indicates nothing peculiar in this estate, that rule should apply here.

REVERSED AND REMANDED.